UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVIDENCE PUBLICATIONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HUB INTERNATIONAL INSURANCE SERVICES, INC., a California corporation d/b/a HUB INTERNATIONAL FRESNO,<br><br>Defendant. | No.  1:24-cv-00109-KES-BAM<br><br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 23) |

      Plaintiff Providence Publications, LLC ("Providence"), brings this action against defendant Hub International Insurance Services, Inc. ("Hub"), alleging willful infringement under the Copyright Act of 1976, 17 U.S.C. § 501 *et seq.* Doc. 22 ("FAC").  In a prior order, the court dismissed Providence's first complaint because the complaint alleged Hub had a subscription to receive Providence's copyrighted publications but did not sufficiently allege that Hub's further copying of the publications exceeded the scope of that license.  *See* Doc. 21 ("Order") at 5–7. Hub now moves to dismiss the FAC, asserting that Providence has failed to sufficiently show that Hub exceeded the scope of any license, and that this is "essentially a contract case" and the FAC fails to establish the existence of a "valid, enforceable agreement."  Doc. 23 ("Second MTD"). This court has subject matter jurisdiction over this action because federal courts are vested with

exclusive jurisdiction in copyright cases. 28 U.S.C. § 1338(a). For the reasons set forth below, the court denies Hub's motion to dismiss.

## I. Background[1]

Plaintiff Providence is the publisher of a newsletter titled *Workers' Comp Executive* ("*WCE*") which features original articles about occupational health and safety issues. FAC ¶¶ 8–9. Providence publishes and distributes new editions of *WCE* to its subscribers approximately twenty-two times per year via email. *Id.* ¶¶ 8, 10. Providence offers three types of subscriptions to *WCE*: "(1) single copy subscriptions; (2) multi-copy subscriptions for a specific number of copies for a specific number of identified recipients; and (3) enterprise subscriptions, for internal use by an entire subscriber institution." *Id.* ¶ 10. Providence is the exclusive copyright owner for each issue of *WCE* and each article appearing in *WCE*. *Id.* ¶¶ 11–12. Defendant Hub is an insurance and financial services provider located in Fresno, California. *Id.* ¶ 4. Hub has subscribed to *WCE* since January 2007, and the *WCE* newsletters were electronically delivered to Hub's Regional President, Michael Der Manouel. *Id.* ¶¶ 21–23.

On January 23, 2024, Providence filed a complaint against Hub alleging willful copyright infringement. *Id.* Providence alleges that Hub has engaged in copyright infringement since it first subscribed to *WCE* in January 2007. *Id.* ¶ 31.

According to Providence's analysis of its email data from the delivery of *WCE* to Der Manouel, Hub copied and distributed multiple *WCE* issues to its employees. *Id.* ¶¶ 26–29. The April 11, 2023, issue was forwarded to employees "at least 40 separate times," the April 25, 2023, issue was forwarded "at least 29 separate times," and the June 14, 2023, issue was forwarded "at least 40 separate times." *Id.* ¶¶ 28–29. The complaint does not allege that Hub forwarded *WCE* newsletters to anyone other than Hub's employees. Rather, Providence contends that Hub's "pattern of routine and substantial forwarding indicates systematic copying and distributing of *WCE*" to Hub's employees, and that each incident of this constitutes willful copyright infringement. *Id.* ¶¶ 30, 39. Providence asserts that it only recently learned of Hub's forwarding

---

[1] This recitation of facts is taken from Providence's FAC. These allegations are assumed to be true for the purposes of the pending motion.

2

of the *WCE* issues, and that it is unable to uncover the full extent because "plaintiff's records capture only limited data" and "defendant's email servers and computer systems are highly secure . . . and cannot be accessed by the general public or by plaintiff." *Id.* ¶¶ 30, 32–33.

On July 8, 2024, the court granted Hub's motion to dismiss without prejudice. Doc. 21 ("Order").[2] In its initial complaint, Providence acknowledged that Hub subscribed to *WCE* but did not state which of the three subscription types – single copy subscription, multi-copy subscription, or enterprise subscription – Hub possessed. *See id.* at 5–7. As the Order noted:

> [A] copyright infringement claim requires the plaintiff to allege facts showing "ownership of a copyright and a copying of [a] protectable expression beyond the scope of the license." The complaint omits key facts regarding the scope of the license between the parties, and thus fails to state a claim.

*Id.* at 7 (quoting *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 517 (9th Cir 1993)).

Providence timely filed the FAC on July 18, 2024, and cured the deficiency identified in its original complaint. Providence now alleges that Hub possessed a single copy subscription, and that each instance of Hub's forwarding of the newsletters constituted copyright infringement because that was beyond the scope of the license. *See* FAC ¶¶ 21–22.

On August 1, 2024, Hub filed a new motion to dismiss, asserting that the FAC is inadequate because it fails to state sufficient facts showing that the subscription agreement is a valid, enforceable contract and fails to show that it satisfies California's statute of frauds. Second MTD. Hub argues that, because the scope of the license is pivotal to whether Providence can state a claim for copyright infringement, this is "essentially a contract case" and Providence must do more to establish the other terms of the contract. *See id.* at 9–13. Providence filed an opposition, Doc. 24 ("Opp'n"), and Hub replied, Doc. 25 ("Reply").

**II.   Legal Standard**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

---

[2]  The Order granted Hub's motion to dismiss the complaint for failure to plead facts sufficiently alleging the scope of Hub's license. Order at 4–7. The Order did not adopt Hub's second argument, which was based on the statute of limitations. *See id.* at 7, 9–10.

1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain facts that "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 680. While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**III.    Discussion and Analysis**

The FAC sufficiently alleges that Providence owned a valid copyright to the *WCE* newsletters, and that Hub copied protected aspects of Providence's copyrighted work. *See Unicolors, Inc. v. Urb. Outfitters Inc.*, 853 F.3d 980, 984 (9th Cir. 2017). Hub does not challenge the sufficiency of these allegations. The issue raised on the motion to dismiss is whether Providence sufficiently alleges that Hub exceeded the scope of its license – its annual subscription to the *WCE* newsletters – when it further copied and distributed the newsletters.

4

Furthermore, Hub argues that this is "essentially a contract case" and that the FAC fails to show the existence of a valid, enforceable contract. *See* Second MTD at 5–7. Hub's argument rests on a flawed foundation. Although Hub's actions might also constitute breach of contract based on the alleged violation of the terms of its license, Providence states a claim only for copyright infringement. FAC ¶¶ 40–49.

"Enforcing a copyright license 'raises issues that lie at the intersection of copyright and contract law.'" *MDY Industries, LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 939 (9th Cir. 2010) (quoting *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1122 (9th Cir. 1999)). "A copyright owner who grants a nonexclusive, limited license ordinarily waives the right to sue licensees for copyright infringement, and it may sue only for breach of contract." *Id.* (quoting *Sun Microsystems,* 188 F.3d at 1121 (internal quotations omitted)). "However, if the licensee acts outside the scope of the license, the licensor may sue for copyright infringement." *Id.* (citing *Sun Microsystems*, 188 F.3d at 1121). As the Court of Appeals for the Federal Circuit explained:

> Consider a license in which the copyright owner grants a person the right to make one and only one copy of a book with the caveat that the licensee may not read the last ten pages. Obviously, a licensee who made a hundred copies of the book would be liable for copyright infringement because the copying would violate the Copyright Act's prohibition on reproduction and would exceed the scope of the license. Alternatively, if the licensee made a single copy of the book, but read the last ten pages, the only cause of action would be for breach of contract, because reading a book does not violate any right protected by copyright law.

*Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307, 1315–16 (Fed. Cir. 2005).

The situation here aligns with the first hypothetical considered in *Storage Tech* because the FAC alleges that the copyright owner, Providence, granted a license to Hub to receive "one and only one copy" and that Hub allegedly made many more copies. *Id.* Assuming these and the other allegations in the FAC to be true, Providence has stated a claim for copyright infringement.

Hub is mistaken that this is "essentially a contract case." Second MTD at 9. Hub bases its argument on the contention that "[in] any case *involving a contract*, the existence of a valid and enforceable agreement is a dispositive threshold issue." *Id.* (emphasis added). Hub cites

only one case, *Kravich v. Wells Fargo Home Mortg.*, 2010 WL 582116, at *6 (E.D. Cal. Feb. 11, 2010), to support its contention. *Kravich* is not on point because it involved a breach of contract claim, not copyright infringement. *See id.* While a plaintiff must show the existence of a valid, enforceable contract when the plaintiff asserts a breach of contract claim, *see id.*, Providence does not seek to recover for breach of contract. Hub cites no authority to support its argument that, to prevail on its copyright claim, a plaintiff must plead facts to establish the facial plausibility of a breach of contract claim that the plaintiff does not assert in its complaint.

Hub's statute of frauds argument also rests upon the mistaken premise that this is "essentially a contract case." *See* Second MTD at 9, 11–13. California's statute of frauds requires certain contracts to be "in writing and subscribed by the party to be charged" to be enforceable. Cal. Civ. Code § 1624(a). "State statutes of frauds serve a purely evidentiary function—to prevent enforcement through fraud or perjury of fictitious agreements." *Konigsberg Int'l, Inc. v. Rice*, 16 F.3d 355, 357 (9th Cir. 1994). Hub argues that Providence was required to allege that the agreement was in writing, and because Providence did not do so, it has not stated a claim. *See* Reply at 7–8. However, this argument faces the same essential problem: Although Providence alleges that Hub had an annual subscription to receive one copy of each *WCE* issue, Providence does not seek to enforce the contract; it seeks to enforce its exclusive right to reproduce its work under the Copyright Act.[3] Providence asserts a violation of the Copyright Act rather than a breach of contract, and the subscription is relevant insofar as it would be a defense to the copyright action if it licensed Hub to make additional copies. The FAC alleges clearly that Hub's subscription did not authorize any such copying. To the extent Hub disagrees with the

---

[3] The cases Hub relies on in its statute of frauds argument do not support dismissal of the FAC. For example, in *Konigsberg*, the plaintiff alleged that the defendant author had conveyed to the plaintiff the right to create a teleplay based on one of her copyrighted novels. 16 F.3d at 356. However, the parties never signed a contract transferring ownership of that right; the plaintiff contended only that there was an oral agreement. *Id.* When the author later refused to allow the plaintiff to exercise its purported right to extend within the option period, the plaintiff brought an action seeking a declaratory judgment that it owned the television rights. *Id.* The district court dismissed the plaintiff's claim because the parties had not signed a written, enforceable agreement, and the Ninth Circuit affirmed. *Id.* at 356–58. *Konigsberg* is unhelpful to Hub because the relief the plaintiff in that case sought was a court order holding that it possessed an enforceable contract. *See id. Konigsberg* was therefore a contract case, unlike this one.

1  FAC's allegations concerning the terms of the license, that is an affirmative defense Hub may
2  assert in this case, but for purposes of Hub's motion to dismiss, the FAC's factual allegations
3  must be presumed to be true. *See Hishon*, 467 U.S. at 73.
4        Hub relies on this court's citation in its prior order to *Bourne v. Walt Disney Co.*, 68 F.3d
5  621 (2d Cir. 1995), regarding the scope of the license being a necessary element of a copyright
6  infringement claim where the complaint alleges that the defendant possessed a license for the
7  copyrighted works. *See* Order at 5. The *Bourne* decision noted that any copyright infringement
8  case involving the question of whether a defendant exceeded the scope of its license "present[s]
9  the court with a question that essentially is one of contract: whether the parties' license agreement
10 encompasses the defendant's activities." *Bourne*, 68 F.3d at 631. Hub also relies on *Bourne*'s
11 statement that "[j]ust as in an ordinary contract action, the party claiming a breach carries the
12 burden" of proving that the defendant's use was unauthorized. *Id.* However, this discussion in
13 *Bourne* addressed the plaintiff's burden at *trial*, not at the pleadings stage. *See id.* To sufficiently
14 state a claim of copyright infringement by an acknowledged licensee, the complaint need only
15 plausibly allege that the licensee exceeded the scope of its license, which the FAC here does.
16       Even if Hub were correct that the subscription agreement did not constitute a "valid,
17 enforceable contract," *see* Second MTD at 5, 11–13, it would be of no consequence to the legal
18 adequacy of Providence's complaint because each act of forwarding would still constitute
19 copyright infringement. Whether Hub possessed a valid single-copy subscription or no
20 subscription at all, the court would still be able "to draw the reasonable inference that the
21 defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Providence's claim has
22 "facial plausibility" either way. *See id.*
23       This conclusion is consistent with the court's prior order. *See* Order. The court required
24 Providence to clarify the type of subscription Hub possessed because the initial complaint alleged
25 a three-tier subscription model – two of which (multi-copy and enterprise) would have
26 presumably permitted Hub to make copies of *WCE* for its employees – and the complaint
27 acknowledged that Hub possessed some *unspecified* type of subscription. *See* Order at 5 ("Given
28 the complaint's acknowledgement that defendant possessed a subscription, *and that certain*

*subscriptions would authorize a subscriber to provide the* WCE *newsletters to its employees*, the scope of defendant's subscription is a necessary fact that the complaint must also establish." (citations omitted) (emphasis added)).  Given that the initial complaint acknowledged that Hub had a license (the subscription), and that two of the three possible types of licenses would have permitted Hub to engage in the alleged copying, Providence was required to also allege the type of license Hub possessed—only then would it be clear that the alleged forwarding was not permitted by the terms of the license.  *See Menzel v. Scholastic, Inc.*, No. 17-cv-05499-EMC, 2018 WL 1400386, at *4 n.1 (N.D. Cal. Mar. 19, 2018) ("[B]ecause [the plaintiff] admitted in his complaint that license agreements do exist, he must include in his complaint allegations that, *e.g.*, the licenses have been exceeded.").  Essentially, Providence was required to allege how many copies Hub's subscription authorized Hub to make and distribute.  The FAC does that.  It sufficiently alleges that, for each relevant year, Hub had an annual single-use subscription that did not allow it to make any copies of the copyrighted works, and that Hub nonetheless repeatedly copied the copyrighted works.  *See* FAC ¶¶ 21–22.  The FAC sufficiently alleges a claim for copyright infringement.

## IV.  **Conclusion and Order**

Based upon the foregoing, defendant's motion to dismiss, Doc. 23, is **DENIED**.

IT IS SO ORDERED.

Dated:   October 4, 2024

_____
UNITED STATES DISTRICT JUDGE